**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES ANTHONY VASQUEZ, | ) | NO. ED CV 12-1302-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on August 9, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on January 9, 2013.

Plaintiff filed a motion for summary judgment on May 3, 2013.[1] Defendant filed a motion for summary judgment on May 29, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; Minute Order, filed January 4, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former mechanic and sales representative, asserts disability since October 31, 2008, based primarily on alleged pain in his hip, back and knee (Administrative Record ("A.R.") 34-66, 135-37, 154-60, 162-64). Plaintiff asserted in written reports and testified at an administrative hearing that he suffers from pain of disabling severity (A.R. 34-66, 154, 160, 162).

An Administrative Law Judge ("ALJ") found Plaintiff has severe impairments including "degenerative disc disease of the lumbar spine . . . post surgical repair of right hip injury; status post gun shot to right knee; and morbid obesity" (A.R. 20). However, the ALJ also found Plaintiff not disabled (A.R. 20-24). In so finding, the ALJ deemed Plaintiff's assertions of disabling pain not credible (A.R. 22). The Appeals Council denied review (A.R. 1-3).

///

---

[1] Plaintiff's motion violates this Court's January 4, 2013 Minute Order ("No papers filed in support of or in opposition to any motion for summary judgment shall exceed ten (10) pages in length"). Counsel for Plaintiff shall heed the Court's orders in the future. The Court previously admonished this same attorney for violation of this same type of order. See Gordon v. Astrue, CV 12-2301-E. If this attorney's violations persist, the Court may accompany future admonishments with monetary sanctions.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

**I.    The ALJ Materially Erred in Connection with the Issue of Plaintiff's Credibility.**

Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the alleged symptoms, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v.

///
///

Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[2] Generalized, conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.

In the present case, the only mention of Plaintiff's credibility is found in section 5 of the ALJ's decision. Therein, the ALJ concludes:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms;

---

[2] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

4

1 however, the claimant's statements concerning the intensity,
2 persistence and limiting effects of these symptoms are not
3 credible to the extent they are inconsistent with the above
4 residual functional capacity assessment (A.R. 22).

6 Immediately preceding this conclusion, the ALJ summarizes
7 Plaintiff's testimony (A.R. 21-22). Immediately following this
8 conclusion, the ALJ summarizes the medical evidence (A.R. 22).
9 Nowhere in section 5 (or anywhere else in the decision), does the ALJ
10 state any specific reasons for her credibility conclusion. The ALJ
11 thereby erred. Id.; see Spytek v. Astrue, 2010 WL 3584549, at *5
12 (W.D. Wash. Aug. 12, 2010), adopted, 2010 WL 3584546 (W.D. Wash.
13 Sept. 10, 2010) (ALJ erred by stating in a conclusory fashion that the
14 claimant's "statements concerning the intensity, persistence, and
15 limiting effects of those symptoms were not credible to the extent
16 they were inconsistent with the ALJ's residual functional capacity
17 finding," although the ALJ implied that the claimant's statements were
18 "not substantiated by objective medical evidence"[3]); see also Gonzalez
19 v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of
20 speculating about the basis of the ALJ's conclusion . . ."); Lewin v.
21 Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should
22 include a statement of the subordinate factual foundations on which
23 the ALJ's ultimate factual conclusions are based, so that a reviewing

---

[3] An ALJ may not rely exclusively on the objective medical evidence in rejecting a claimant's credibility. Varney v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

court may know the basis for the decision); <u>Coronado v. Astrue</u>, 2011 WL 3348066, at *8 (E.D. Cal. Aug. 2, 2011) (where the reasons for the ALJ's credibility determination were uncertain, and the determination overlapped and blended with the ALJ's discussion of the medical record, remand was appropriate).

Defendant invites the Court to infer that the ALJ based her credibility determination on an array of considerations: "the lack of significant clinical findings, inconsistencies between Plaintiff's claimed limitations and objective medical findings, the receipt of unemployment benefits, . . . activities of daily living," Plaintiff's report that he "was not taking pain medication," and Plaintiff's admission that he "did not walk or exercise" despite living behind a junior high school track (Defendant's motion 2, 6-7).[4] The Court must decline Defendant's invitation. The ALJ's decision does not specifically identify any of these considerations as the reason or reasons for the ALJ's credibility determination. The ALJ's decision mentions some of these considerations, but does not expressly base the credibility determination on any of them. Consequently, the Court cannot affirm the credibility determination on the basis of any of these considerations. See <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); <u>Watts v. Astrue</u>, 2012 WL 2577525, at *8-9 (E.D. Cal. July 3, 2012) (remand required where ALJ's decision discussed the evidence potentially

---

[4] Defendant also argues that the ALJ had exclusive, "direct access" to unspecified "physical and linguistic clues helpful in judging credibility" (Defendant's motion at 7-8).

bearing on the claimant's credibility, but "provide[d] no discussion how this evidence impacted the ALJ's view of Plaintiff's credibility").

**II. Remand is Appropriate.**

Because the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).
///
///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 19, 2013.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE