**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES ANTHONY VASQUEZ, | ) | NO. ED CV 12-1302-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.


**PROCEEDINGS**


Plaintiff filed a complaint on August 9, 2012, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on January 9, 2013.

1  Plaintiff filed a motion for summary judgment on May 3, 2013.[1]
2  Defendant filed a motion for summary judgment on May 29, 2013.  The
3  Court has taken the motions under submission without oral argument.
4  See L.R. 7-15; Minute Order, filed January 4, 2013.

5
6  **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7
8      Plaintiff, a former mechanic and sales representative, asserts
9  disability since October 31, 2008, based primarily on alleged pain in
10 his hip, back and knee (Administrative Record ("A.R.") 34-66, 135-37,
11 154-60, 162-64).  Plaintiff asserted in written reports and testified
12 at an administrative hearing that he suffers from pain of disabling
13 severity (A.R. 34-66, 154, 160, 162).

14
15     An Administrative Law Judge ("ALJ") found Plaintiff has severe
16 impairments including "degenerative disc disease of the lumbar spine
17 . . . post surgical repair of right hip injury; status post gun shot
18 to right knee; and morbid obesity" (A.R. 20).  However, the ALJ also
19 found Plaintiff not disabled (A.R. 20-24).  In so finding, the ALJ
20 deemed Plaintiff's assertions of disabling pain not credible (A.R.
21 22).  The Appeals Council denied review (A.R. 1-3).
22 ///

23  ─────────────────────
24      [1]    Plaintiff's motion violates this Court's January 4,
    2013 Minute Order ("No papers filed in support of or in
25  opposition to any motion for summary judgment shall exceed ten
    (10) pages in length").  Counsel for Plaintiff shall heed the
26  Court's orders in the future.  The Court previously admonished
    this same attorney for violation of this same type of order.  See
27  Gordon v. Astrue, CV 12-2301-E.  If this attorney's violations
    persist, the Court may accompany future admonishments with
28  monetary sanctions.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  <u>See</u> <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted); <u>see</u> <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

**I.   The ALJ Materially Erred in Connection with the Issue of Plaintiff's Credibility.**

Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the alleged symptoms, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony.  <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>see</u> <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990); <u>Varney v.</u>

///

///

1   <u>Secretary</u>, 846 F.2d 581, 584 (9th Cir. 1988).[2]  Generalized,

2   conclusory findings do not suffice.  <u>See</u> <u>Moisa v. Barnhart</u>, 367 F.3d

3   882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be

4   sufficiently specific to allow a reviewing court to conclude the ALJ

5   rejected the claimant's testimony on permissible grounds and did not

6   arbitrarily discredit the claimant's testimony") (internal citations

7   and quotations omitted); <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1208

8   (9th Cir. 2001) (the ALJ must "specifically identify the testimony

9   [the ALJ] finds not to be credible and must explain what evidence

10  undermines the testimony"); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th

11  Cir. 1996) ("The ALJ must state specifically which symptom testimony

12  is not credible and what facts in the record lead to that

13  conclusion."); <u>see also</u> Social Security Ruling 96-7p.

14

15      In the present case, the only mention of Plaintiff's credibility

16  is found in section 5 of the ALJ's decision.  Therein, the ALJ

17  concludes:

18

19      After careful consideration of the evidence, the undersigned

20      finds that the claimant's medically determinable impairments

21      could reasonably be expected to cause the alleged symptoms;

22

23      [2]    In the absence of evidence of "malingering," most

24  recent Ninth Circuit cases have applied the "clear and
    convincing" standard.  <u>See, e.g.</u>, <u>Molina v. Astrue</u>, 674 F.3d 1104

25  (9th Cir. 2012); <u>Taylor v. Commissioner of Social Security</u>
    <u>Admin.</u>, 659 F.3d 1228, 1234 (9th Cir. 2011); <u>Valentine v.</u>

26  <u>Commissioner</u>, 574 F.3d 685, 693 (9th Cir. 2009); <u>Ballard v.</u>
    <u>Apfel</u>, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000)

27  (collecting cases).  In the present case, the ALJ's findings are
    insufficient under either standard, so the distinction between

28  the two standards (if any) is academic.

however, the claimant's statements concerning the intensity,
persistence and limiting effects of these symptoms are not
credible to the extent they are inconsistent with the above
residual functional capacity assessment (A.R. 22).

Immediately preceding this conclusion, the ALJ summarizes
Plaintiff's testimony (A.R. 21-22).  Immediately following this
conclusion, the ALJ summarizes the medical evidence (A.R. 22).
Nowhere in section 5 (or anywhere else in the decision), does the ALJ
state any specific reasons for her credibility conclusion.  The ALJ
thereby erred.  Id.; see Spytek v. Astrue, 2010 WL 3584549, at *5
(W.D. Wash. Aug. 12, 2010), adopted, 2010 WL 3584546 (W.D. Wash.
Sept. 10, 2010) (ALJ erred by stating in a conclusory fashion that the
claimant's "statements concerning the intensity, persistence, and
limiting effects of those symptoms were not credible to the extent
they were inconsistent with the ALJ's residual functional capacity
finding," although the ALJ implied that the claimant's statements were
"not substantiated by objective medical evidence"[3]); see also Gonzalez
v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of
speculating about the basis of the ALJ's conclusion . . ."); Lewin v.
Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should
include a statement of the subordinate factual foundations on which
the ALJ's ultimate factual conclusions are based, so that a reviewing

---

[3]     An ALJ may not rely exclusively on the objective
medical evidence in rejecting a claimant's credibility.  Varney
v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403,
1407 (9th Cir. 1986); see also Burch v. Barnhart, 400 F.3d 676,
681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor"
in rejecting credibility, but cannot "form the sole basis").

1  court may know the basis for the decision); <u>Coronado v. Astrue</u>, 2011

2  WL 3348066, at *8 (E.D. Cal. Aug. 2, 2011) (where the reasons for the

3  ALJ's credibility determination were uncertain, and the determination

4  overlapped and blended with the ALJ's discussion of the medical

5  record, remand was appropriate).

6

7        Defendant invites the Court to infer that the ALJ based her

8  credibility determination on an array of considerations: "the lack of

9  significant clinical findings, inconsistencies between Plaintiff's

10  claimed limitations and objective medical findings, the receipt of

11  unemployment benefits, . . . activities of daily living," Plaintiff's

12  report that he "was not taking pain medication," and Plaintiff's

13  admission that he "did not walk or exercise" despite living behind a

14  junior high school track (Defendant's motion 2, 6-7).[4]  The Court must

15  decline Defendant's invitation.  The ALJ's decision does not

16  specifically identify any of these considerations as the reason or

17  reasons for the ALJ's credibility determination.  The ALJ's decision

18  mentions some of these considerations, but does not expressly base the

19  credibility determination on any of them.  Consequently, the Court

20  cannot affirm the credibility determination on the basis of any of

21  these considerations.  <u>See</u> <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th

22  Cir. 2001) (court "cannot affirm the decision of an agency on a ground

23  that the agency did not invoke in making its decision"); <u>Watts v.</u>

24  <u>Astrue</u>, 2012 WL 2577525, at *8-9 (E.D. Cal. July 3, 2012) (remand

25  required where ALJ's decision discussed the evidence potentially

26

27        [4]    Defendant also argues that the ALJ had exclusive,
    "direct access" to unspecified "physical and linguistic clues
28  helpful in judging credibility" (Defendant's motion at 7-8).

1  bearing on the claimant's credibility, but "provide[d] no discussion

2  how this evidence impacted the ALJ's view of Plaintiff's

3  credibility").

4

5  **II.   Remand is Appropriate.**

6

7      Because the circumstances of the case suggest that further

8  administrative review could remedy the ALJ's errors, remand is

9  appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see

10  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett")

11  (remand is an option where the ALJ fails to state sufficient reasons

12  for rejecting a claimant's excess symptom testimony); but see Orn v.

13  Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to

14  cite Connett for the proposition that "[w]hen an ALJ's reasons for

15  rejecting the claimant's testimony are legally insufficient and it is

16  clear from the record that the ALJ would be required to determine the

17  claimant disabled if he had credited the claimant's testimony, we

18  remand for a calculation of benefits") (quotations omitted); see also

19  Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that

20  a court need not "credit as true" improperly rejected claimant

21  testimony where there are outstanding issues that must be resolved

22  before a proper disability determination can be made); see generally

23  INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an

24  administrative determination, the proper course is remand for

25  additional agency investigation or explanation, except in rare

26  circumstances).

27  ///

28  ///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 19, 2013.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE